FILED
2021 Jun-01 AM 10:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA, NORTHEASTERN DIVISION

| | |
|---|---|
| DOUGLAS C. MARTINSON II § <br>     as the personal representative of the § Opposed <br>     estate of Jeffrey Parker, deceased § <br>     § Case No. 5:20-cv-00430-LCB <br>     Plaintiff § <br> v. § <br>     § Hon. Liles C. Burke presiding <br> WILLIAM DARBY § <br> CITY OF HUNTSVILLE § <br>     § <br>     Defendants § | |

### PLAINTIFF'S MOTION TO LIFT STAY

Comes now the plaintiff, Douglas C. Martinson II, as the personal representative of the estate of Jeffrey Parker, deceased, who respectfully moves this Honorable Court to lift the stay in this case.

1. The undersigned has conferred with counsel for the defendants, the City of Huntsville and William Darby, about whether the stay should be lifted. After discussion, both defendants oppose lifting the stay for the reasons stated in paragraphs 9 thru 11 below.

2. This is a wrongful death case brought against the City of Huntsville and William Darby, one of the City's police officers, pursuant to 42 U.S.C. § 1983 and the common law. Parker shot and killed a citizen, Jeff Parker, in his own home.

3. On April 22, 2020, Darby sought a stay of this case until the parallel circuit court criminal case against him for the murder of Jeffrey Parker in the Circuit Court

-1-

of Madison County had concluded. (D.6-7) Darby argued that a stay was warranted because of "the very real potential for a violation of Officer Darby's Fifth Amendment right against self-incrimination," and that he should not "be forced to choose whether to defend themselves in the civil action or risk exposure to criminal sanction by waiving their Fifth Amendment rights." (D.7/p.9) (citations omitted)

4. Plaintiff did not oppose the stay based on the representation that Parker was asserting his Fifth Amendment privilege. On April 30, 2020, this Court granted Darby's unopposed motion and stayed the case. (D.11) This Court ordered Darby to notify the Court of the outcome of the criminal action within seven days of a judgment in the proceedings. (D.11/p.2) The Court's order also stated the deadline to answer was extended to fourteen days after the stay has been lifted. (D.11/p.3)

5. However, Darby did not assert his Fifth Amendment at his criminal trial. Instead, Darby testified in open court at in his criminal trial. Therefore, this case has been unnecessarily stayed for over a year.

6. On May 7, 2021, the circuit court judge entered judgment on the jury's verdict of murder.[1] (Ex.1, Judgment) However, Darby has not yet notified the Court of the outcome of his criminal action on the record, within seven days or otherwise.

---

[1] Ala. v. Darby, Case No. CC-18-003238-DSP. The Court may take judicial notice of records in criminal cases. Bryant v. Avado Brands, 187 F.3d 1271, 1278 (11th Cir. 1999) (stating courts may take judicial notice of public filings "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents").

7. Regardless, there is no longer any reason for this case to be stayed. The purpose of the stay was to protect Darby's Fifth Amendment right against self-incrimination. However, because Darby voluntarily testified at his trial, he has waived and lost his privilege.[2] "It is well-established that a witness ... may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details."[3] "A witness may not pick and choose what aspects of a particular subject to discuss without casting doubt on the trustworthiness of the statements and diminishing the integrity of the factual inquiry." Id. "[A] contrary rule would open the way to distortion of facts by permitting a witness to select any stopping place in the testimony." Id. As such, "there is no unfairness in allowing cross-examination when testimony is given without invoking the privilege." Id.

8. The City, an artificial entity, "cannot invoke Fifth Amendment rights" because "[t]he protection provided by the Fifth Amendment can only be invoked by

---

[2] Minn. v. Murphy, 465 U.S. 420, 427 (1983); Garner v. U.S., 424 U.S. 648, 654-655 (1976). See also U.S. v. White, 846 F.2d 678, 690 (11th Cir. 1988) ("[a] witness who testifies at any proceeding, instead of asserting his Fifth Amendment rights, loses the privilege"); EMC Prop. v. 205 Customz, 2015 WL 3554737 (N.D. Ala. 2015) (Proctor) ("[o]nce a person voluntarily testifies (whether in a civil trial, a deposition, or another proceeding), any Fifth Amendment right he may have otherwise had with respect to the testimony he gave is waived") (quoting U.S. v. Mock, 2013 WL 1984370, *1 (M.D. Ala. 2013) (Thompson)).
[3] Mitchell v. U.S., 526 U.S. 314, 321 (1999) (citations omitted); Int'l Broth. of Teamsters v. Hatas, 252 So.2d 7, 23 (Ala. 1971) ("[i]t cannot be tolerated that a person testifying, after stating material facts bearing upon the case, and favorable to one party, shall, when cross-examined in reference to the same subject, decline answering by reason of his privilege not to incriminate himself").

a natural person."[4] As is clear from the constitutional text, only humans enjoy the constitutional right against self-incrimination. "[C]orporations do not have any Fifth Amendment rights."[5] Neither do LLCs.[6] "Thus, courts routinely hold parallel criminal proceedings do not entitle [artificial entities] to a stay of civil proceedings."[7] "An agent of [an artificial entity] may not refuse to produce documents even when those documents will incriminate that entity."[8]

9. Therefore, is no basis for further delay of this civil case. The undersigned has consulted with opposing counsel to ascertain whether they will oppose this motion. Both Darby and the City oppose a lifting of the stay. They would like the stay to continue until after the sentencing hearing, which will take place on August 20, 2021. (Ex.2)

10. With respect, the defendants' request to extend the stay another three months is untethered to the reasons the stay was put in effect in the first place. The

---

[4] EMC Prop., 2015 WL 3554737, at n.2 (Proctor) (citing Braswell v. U.S., 487 U.S. 99 (1988)).
[5] Eagle Hosp. v. SRG Consulting, 561 F.3d 1298, n.2 (11th Cir. 2009).
[6] Roche Diag. v. Priority Healthcare, 2019 WL 8014315, *8 (N.D. Ala. 2019) (Johnson) ("[t]he Fifth Amendment privilege against self-incrimination does not extend to non-natural entities") (citing Braswell v. U.S., 487 U.S. 99, 102 (1988) ("it is well established that ... artificial entities are not protected by the Fifth Amendment").
[7] Roche Diag., 2019 WL 8014315, at *8 (citing Kozyak v. Poindexter, 252 B.R. 834 (S.D. Fla. 2000) (stay denied as to the corporate defendant because it lacked a privilege); IBM v. Brown, 857 F.Supp. 1384 (C.D. Cal. 1994) (same)).
[8] Grand Jury v. Smith, 87 F.3d 1198, 1200 (11th Cir. 1996); see also Braswell, 487 U.S. at 108 ("[r]epresentatives of a 'collective group' act as agents '[a]nd the official records and documents of the organization that are held by them in a representative rather than in a personal capacity cannot be the subject of the personal privilege against self-incrimination, even though production of the papers might tend to incriminate them personally'").

stay was ordered to protect Darby's Fifth Amendment rights. Darby, however, did not seek the protections of the Fifth Amendment at his criminal trial. Much work could have been done in this civil case if Darby had disclosed earlier that he did not intend to rely on the privilege. And again, the City has no privilege and no basis to continue the stay at all.

      11. Moreover, there is no guarantee that the sentencing hearing will take place as scheduled. There have been several delays in the criminal case, so it is likely that that hearing could get continued. On the other hand, it will be some time before Darby has to testify in this case. The defendants will have to answer, and then we will have to have a parties' planning meeting. It is also traditional for paper discovery to be exchanged. Therefore, the likelihood of Parker being subject to cross-examination immediately after the stay is lifted is unlikely.

      WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Honorable Court lift the stay and allow this civil case to go forward.

                Respectfully submitted,

                /s/ Richard Riley
                Rip Andrews | Ty Brown | Richard Riley
                Attorneys for Plaintiff Douglas C. Martinson II

OF COUNSEL:
MARSH, RICKARD & BRYAN P.C.
800 Shades Creek Parkway, Suite 600 D
Birmingham, Alabama 35209
(205) 897-1981
ripandrews@mrblaw.com
tbrown@mrblaw.com
rriley@mrblaw.com

ALSO REPRESENTING PLAINTIFF:
Martin Weinberg Esq.
Post Office Box 154
Shannon, Alabama 35142
(205)785-5575
attorneyweinberg@bellsouth.net

### Certificate of Filing and Service

On June 1, 2021, I electronically filed the foregoing with the clerk via the CM/ECF system, which will electronically serve copies on the attorneys below at the stated email addresses.

    Allen Lewis Anderson Esq. (anderson@fb-pc.com)
    Patrick E. Sebesta, III (court@fb-pc.com)
    C. Gregory Burgess Esq. (cgb@lanierford.com)
    Lauren A. Smith Esq. (las@lanierford.com)
    Stephanie M. Gushlaw Esq. (smg@lanierford.com)

                /s/ Richard Riley
                Richard Riley